UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
==========================================

Linda Sharp

                                  Plaintiffs,

    -against-

The State of New York; The Governor of the State of New York George E. Pataki; Attorney General of the State of New York Eliot L. Spitzer; Mayor of the City of New York of the State of New York Michael R. Bloomberg; Chief Administrative Judge New York State Unified Court System Jonathan Lippman; the Comptroller of the City of New York of the State of New York William Thompson, Jr.; Commissioner of Finance of the City of New York of the State of New York Martha E. Stark; Commissioner of Housing Preservation and Development of the City of New York of the State of New York, Shaun Donovan; District Attorney, County of Kings, State of New York, Charles J. Hynes; District Attorney, County of Nassau, State of New York, Kathleen Rice; District Attorney, County of Suffolk, State of New York, Thomas J. Spota, III; Clerk of the County of Suffolk of the State of New York, Judith A. Pascale; County Executive of the County of Suffolk of the State of New York, Steve Levy; and Chief Judge of the State of New York Judith S. Kaye,

                                  Defendants.

CASE NUMBER:
1:06CV01267

JUDGE:
Emmet G. Sullivan

==========================================

# **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REUQEST TO BE ADMITTED PRO HAC VICE AND IN SUPPORT OF THE MOTION TO DISMISS**

Anthony P. Moncayo, an attorney duly admitted to practice law before the Courts of the State of New York, and the United States District Courts for the Eastern and Southern Districts of New York, declares the following under penalty of perjury:

I am an Assistant County Attorney in the office of CHRISTINE MALAFI, Suffolk County Attorney and submit this affirmation in support of my motion to appear pro hac vice and in support of the motion of the defendants, DISTRICT ATTORNEY, COUNTY OF SUFFOLK, STATE OF NEW YORK, THOMAS J. SPOTA; CLERK OF THE COUNTY OF SUFFOLK OF THE STATE OF NEW YORK, JUDITH A. PASCALE; and COUNTY EXECUTIVE OF THE COUNTY OF SUFFOLK, STEVE LEVY, for an order dismissing plaintiff's complaint against them on the ground that this court does not have subject matter jurisdiction and pursuant to Federal Rules of Civil Procedure 12(b)(2)(3) and (6).

## APPLICATION TO APPEAR PRO HAC VICE

Your affirmant requests that the court allow your affirmant to appear pro hoc vice the Suffolk County defendants for the purposes of this litigation.

Suffolk County is a municipal agency duly organized under the laws of the State of New York. The Suffolk County Attorney's Office provides legal representation on civil matters which arise out of the actions of all personnel and organizations in county government located in Suffolk County, New York; including the District Attorney's Office, the County Executive and the County Clerk. As an Assistant County Attorney I am a designee of the Suffolk County Attorney, Christine Malafi.

As required by Local Law 83.2(d), I set forth the following:

1.    My full name is Anthony Philip Moncayo;

2. My office address is 100 Veterans Memorial Highway, Hauppauge, New York, 11787. My telephone number is (631) 853-4055.

3. I am admitted to the State Bars of New York and Illinois. I am admitted to the United States District Court, Southern and Eastern Districts of New York; the United States District Court, Northern District of Illinois; the United States Court of Military Appeals; and the United States Army Court of Military Review.

4. I have never been disciplined by any bar; and

5. I have never been admitted pro hac vice in this Court.

I have read and am familiar with the Rules of the United State District Court for the District of Columbia.

It is respectfully submitted that the County defendants in this matter, and the County of Suffolk, would be unduly burdened by retaining local counsel and would incur potentially costly expenses associated with such a retainer. This is especially true in light of the fact that it cannot be disputed that this court has no jurisdiction in this matter.

Should the Court deny the motion to be admitted pro hoc vice, it is respectfully requested that the Court grant the County defendants 120 days in order to arrange an alternate appearance.

It is further respectfully requested that, upon granting my application to appear pro hac vice, the court consider the within motion to dismiss.

## **MOTION TO DISMISS**

### **STATEMENT OF FACTS**

Plaintiff, a resident of the Town of Huntington, County of Suffolk, State of New York, has brought suit in the within Federal District Court in the District of Columbia,

naming as defendants the "State of New York" and thirteen New York State, County and City officials.

Each and every allegation in plaintiff's complaint arises out of events that occurred within the State of New York. Although the lack of clarity and specificity of plaintiff's complaint renders it difficult to ascertain exactly what legal claims plaintiff is making, it appears that she is unsatisfied with the outcome of several legal matters she has had pending before the state courts of New York.

Thomas Spota III is the duly elected District Attorney of the County of Suffolk.

Judith Pascale is the County Clerk of the County of Suffolk.

Steve Levy is the duly elected Suffolk County Executive.

Plaintiff's complaint alleges jurisdiction is invoked pursuant to various federal statutes, including the RICO statutes and the Federal Civil Rights statues in 42 U.S.C. Her complaint, however, is completely devoid of any factual allegations to support such claims.

Plaintiff further alleges that this Federal Court has jurisdiction based on "diversity," but she is a New York resident and each and every defendant is sued in their capacity as New York officials.

Plaintiff's complaint offers no legal grounds upon which this court can exercise jurisdiction.

## 1. THIS COURT LACKS SUBJECT MATTER JURISDICTION

"Subject matter jurisdiction is satisfied if an issue arises under the constitution, laws or treaties of the United States, or if diversity exists between the parties and the amount in controversy is satisfied. *See 28 U.S.C.§1331; 28 U.S.C.§1332.* Price v

Phoenix Home Life Insurance Company, et al., 44 F. Supp. 2d 28 (USDC Dist. Columbia 1999).

Indisputably there is no diversity. Plaintiff is a resident of Huntington, County of Suffolk, State of New York. Each named defendant is sued in their capacity as a New York State Official. The defendants, Spota, Pascale and Levy are Suffolk County officials and were served at their offices in Suffolk County, New York.

There is also no federal question jurisdiction. Although plaintiff invokes the federal civil rights statutes, her complaint fails to specify how the defendants violated her civil rights. "A conclusory statement without any facts alleged to support it is simply insufficient." Price v Phoenix Home Life Insurance Company, *supra*, 44 F. Supp 2d at 44, *citing* Wilson v Civil Town of Clayton, 839 F. 2d 375 (7th Cir. 1988).

## 2. THIS COURT HAS NO PERSONAL JURISDICTION OVER THE DEFENDANTS, THOMAS J. SPOTA, III; JUDITH PASCALE OR STEVE LEVY

According to the facts, as set forth in plaintiff's complaint, any damages she may have incurred were the result of actions that took place while she was in New York. Plaintiff herself has no standing to invoke the jurisdiction of this court. She is not a resident of the District of Columbia and has set forth no facts whatsoever upon which she can invoke the jurisdiction of this court. She does not claim to have sustained any damage while she was present in the District of Columbia.

The three County defendants also have no contacts or ties whatsoever to the District of Columbia.

The "Long-Arm statute is the only basis upon which personal jurisdiction may be obtained over a defendant...who does not reside in the District of Columbia." Smith v Martin, 2003 U.S. Dist. LEXIS 26785 (USDC Dist. Columbia, 2003). Plaintiff has the burden of establishing personal jurisdiction. Parsons v Mains, 580 A.2d 1329 (DC Ct. Appeals, 1990), *citing* Reuber v. United States 242 U.S. App. D.C. 370 (1984).

Under the District of Columbia "Long Arm Statute," D.C. Code §13-423, the District of Columbia can exercise jurisdiction over a person based upon their conduct. None of the County defendants have engaged in any conduct in the District of Columbia, or without the District of Columbia that caused tortious injury in the District of Columbia. Plaintiff's complaint does not contain any allegations upon which this court can exercise long arm jurisdiction.

Plaintiff's complaint fails to set forth allegations sufficient to meet the "minimum contacts" analysis set forth in International Shoe Co. v Washington, 326 U.S. 310 (1945). International Shoe set forth a three part test to determine if a court can exercise personal jurisdiction over a nonresident defendant based on the degree of contacts the defendant has with the forum state. The test is as follows: 1) defendant must have purposefully availed himself of the privilege of doing business in the forum state; 2) the cause of action must relate to the defendant's activities with the forum state; and 3) it must be reasonable to exercise jurisdiction. The County defendants in the within matter have not done any business or activities in the District of Columbia. Indeed, plaintiff does not even allege that they have. It is, therefore, without question, that it would not be reasonable for this court to exercise jurisdiction over them.

It is respectfully submitted that the Due Process Clause would be violated by an exercise of jurisdiction in this matter. As the Supreme Court held in Burger King v. Rudzewicz, 471 U.S. 462, 471-472 (1985):

> "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations. By requiring that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." (citations omitted.)

### 3.   THE DISTRICT OF COLUMBIA IS AN IMPROPER VENUE

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. §1391(b) controls venue, establishing that venue is proper in:

1. a judicial district where any defendant resides, if all defendants reside in the same State;

2. a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or;

3. a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In considering a motion brought under Federal Rule of Civil Procedure 12(b)(3), the court "accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual conflicts in plaintiff's favor." Smith v U.S. Investigations Services, Inc., 2004 U.S. Dist. LEXIS 23504 (USDC Dist. Columbia 2004) *citing* Darby v United States DOE, 231 F. Supp 2d 274 (D.D.C. 2002).

Taking as true all of the allegations in plaintiff's complaint, it is apparent that each and every act of which she complains occurred outside the District of Columbia. Venue is clearly improper in this court.

## 4. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO THE COUNTY DEFENDANTS

The only mention of the Suffolk County District Attorney is in paragraph 23 of plaintiff's complaint. Plaintiff alleges that, after a "politically connected crony" advised her husband to kill her, "Nassau and Suffolk County District Attorneys looked the other way."

The only mention of the Suffolk County Clerk is in paragraph 26, wherein plaintiff alleges that she went to the Clerk's office in Riverhead to find a copy of a receiver's report and it was not in the Clerk's office.

The plaintiff's complaint contains no mention of Suffolk County Executive Steve Levy whatsoever.

As the United States District Court for the District of Columbia stated in Price v Crestar Securities Corporation, 44 F. Supp 2d 351 at 353 (1999):

> "a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly state a claim. The court may dismiss a compliant for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.
> The plaintiff in this matter is proceeding pro se. A pro se complaint is held to a less stringent standard than formal pleadings drafter by lawyers. ...Still, Wilson v. Civil Town of Clayton, 839 F. 2d 375 (7th Cir. 1988) stands for the proposition that although a court will read a pro se plaintiff's complaint liberally,

a pro se plaintiff must at least meet a minimal standard of pleading in the complaint." (citations omitted)

Plaintiff's complaint, even read in the most liberal way possible, completely fails to state any recognizable legal claim against the County defendants and must be dismissed.

WHEREFORE, based on the foregoing, it is respectfully request that plaintiff's complaint against District Attorney, County of Suffolk, State of New York, Thomas J. Spota, III; Clerk of the County of Suffolk of the State of New York Judith A. Pascale; and County Executive of the County of Suffolk of the State Of New York, Steve Levy be dismissed in its entirety.

Dated:  Hauppauge, New York
        August 7, 2006

                    CHRISTINE MALAFI
                    Suffolk County Attorney
                    H. Lee Dennison Building
                    P.O. Box 6100
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788-0099

                    By: _____
                        Anthony P. Moncayo  (3394)
                        Assistant County Attorney
                        Attorney for Defendants
                        Thomas J. Spota III
                        Judith A. Pascale
                        Steve Levy