August 9, 2006


United States District Court
for the
District of Columbia
E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001
Attention: Judge Emmet G. Sullivan


Re:      Sharp v State of New York, et al
Docket:  06-01267


Honorable Judge Sullivan:

Please accept this letter as a respectful request that the Court exercise its discretion in this matter and, in light of the difficulties we have encountered, as set forth below, dispense with the requirements of electronic filing for the purposes of this litigation.

The above captioned case was filed in this Court by the pro-se plaintiff, Linda Sharp. Linda Sharp is a resident of the Town of Huntington, County of Suffolk, State of New York. She has sued, in addition to the State of New York, sixteen officials of New York State. Included among those sixteen officials are three Suffolk County officials: the District Attorney of Suffolk County, Thomas J. Spota, III; the Suffolk County Clerk, Judith A. Pascale; and the Suffolk County Executive, Steve Levy.

Suffolk County is a municipal agency duly organized under the laws of the State of New York. The Suffolk County Attorney's Office provides legal representation on civil matters which arise out of the actions of all personnel and organizations in county government located in Suffolk County, New York. We represent the District Attorney, the County Clerk and the Suffolk County Executive.

I am the Bureau Chief of the State and Federal Torts Bureau and I have been attempting , to file the attached papers. Pursuant to the Local Rules, my office has been trying to find a sponsor who is a member of the District of Columbia Bar, in order to have a sponsor for admission to the Bar.

We were finally able to locate attorney Francis Kiley, who is associated with one of the attorneys in my Bureau, Anthony P. Moncayo, by virtue of their service in the Judge Advocate General's Corp., U.S. Army. Mr. Kiley has agreed to sponsor Mr. Moncayo's application to proceed pro hac vice. Mr. Kiley does not have ECF access, but he has applied for electronic access and expects to receive his password either today or tomorrow. Therefore, it is my expectation that the within papers will, in fact, be electronically filed by tomorrow the latest.

It is respectfully submitted that this lawsuit has been improperly filed in this court, insofar as a reading of plaintiff's complaint makes it clear that this court has no subject matter or personal jurisdiction. All of the parties to this case are New York residents and officials and all the acts complained of in the plaintiff's complaint occurred in New York.

We have made every good faith attempt to comply with the Local Rules of this court. We would respectfully request that the court exercise its discretion in this matter and, for the purposes of the within motion, dispense with the ECF requirements.

Of course, if the court grants the motion to proceed pro hac vice we will then be able to register electronically with the court.

Should the court deny the within request, we would ask that the court issue an order granting the County defendants an extension of time of 120 days in order to obtain alternate representation.

We thank the Court for its time and consideration in these unusual circumstances.

Very truly yours,

Christine Malafi
Suffolk County Attorney


By: _____
    Susan A. Flynn
    Bureau Chief – State & Federal Torts Bureau

SAF

Case 1:06-cv-01267-EGS     Document 10-6     Filed 08/10/2006     Page 3 of 3